ALDEN KNISBACHER
KNISBACHER  LAW OFFICES
1736 Franklin Street, 10th Floor
Oakland, California 94612
Telephone:  510-460-1223
Email:  Alden@knisbacherlaw.com

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone:  (510) 237-9700
Facsimile:  (510) 237-4616
Email:  Reggiet2@aol.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS WAGNER, an individual, on behalf of himself and all others similarly situated, | Case No: |
| Plaintiff, | CLASS ACTION COMPLAINT FOR DAMAGES |
| vs. | JURY TRIAL DEMANDED |
| DRIVEN SPORTS, INC., and DOES 1 through 50, inclusive, | |

Plaintiff Marcus Wagner, by and through undersigned counsel, on behalf of himself and all other persons and entities similarly situated, sue Defendant DRIVEN SPORTS, INC. and for his complaint alleges, upon information and belief and based on the investigation to date of his counsel, the following:

## NATURE OF ACTION

1. This is a civil class action brought by Plaintiff and on behalf of a class of persons similarly situated, ("class members"), who purchased dietary supplement Driven Sports Craze ("DSC") from Defendant.

2. The class members are all persons located within the State of California who purchased DSC.

3. Defendant advertises, formulates, manufactures, markets, sells and distributes DSC.

4. Bodybuilding.com ("BB") is an online retailer of DSC.

5. The dietary supplement industry is a growing and extremely competitive business environment, especially the sports (bodybuilding) supplement segment.

6. DSC is generally categorized as a "Pre-Workout" supplement.

7. Pre-Workout supplements most often contain high levels of stimulants, which push manufacturers to keep increasing the levels of these stimulants to stay competitive in the market.

8. Defendant advertises labels and markets DSC in a misleading and deceptive manner.

9. Defendant represents that DSC is a "dietary supplement" that is legal and safe.

10. Defendant spikes DSC with a methamphetamine analog not declared on DSC's label, in an effort to capture market share of the pre-workout segment of sports supplement market.

11. Plaintiff brings this action challenging Defendant's mislabeling of the 'product on behalf of himself and all others similarly situated, under California ': Unfair Competition Law, False Advertising Law and Consumer Legal Remedies Act.

12. Plaintiff seeks an order compelling Defendant to (1) cease marketing DSC using the misleading tactics complained of herein, (2) conduct a corrective advertising campaign, (3)

restore the amounts Defendant has been unjustly enriched and (4) destroy all misleading and deceive materials.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over all causes of action asserted herein.

14. Jurisdiction is proper in this court pursuant to 28 U .S.C. §1332 (d) because there are at least 100 class members in the proposed Class, the combine claims of proposed class members exceed $5,000,000 exclusive of interest an costs and at least one Class Member is a citizen of a state other than Defendant's state of citizenship.

15. Plaintiff will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery regarding Defendant's sales of DSC during the class period.

16. Venue is proper pursuant to 28 U.S.C. §1391(b) (l) because defendant conducts substantial business in this District, has sufficient minimum contacts with this District and otherwise avail itself of the market in this District, through the promotion, sale and marketing of their Product in this District.

17. Defendant and other out-of-state participants can be brought before this Court pursuant to state and federal law.

## PARTIES

18. During the Class period, Plaintiff and the class members purchased DSC through BB's website www.bodybuilding.com and/or at a retail store and online retailers throughout California. Plaintiff and the class members suffered an injury in fact caused by the false fraudulent, unfair, deceptive and misleading practices set forth in this Complaint.

19. Plaintiff is a resident of the County of Contra Costa, State of California and the events set forth in this Complaint took place therein, who, on or about May/June 2013, purchased DSC Driven Sports Craze for his use and not for resale, from GNC.

20. Defendant Driven Sports, Inc. is a New York corporation authorized to do and, is in fact, doing business in California, with its principal place of business located at 672 Dogwood Ave., Suite 329, Franklin Square, New York.

## FACTUAL ALLEGATIONS

21. Plaintiff incorporates the foregoing paragraphs as if fully restate herein.

22. Plaintiff Wagner reviewed the Product's label, nutritional label supplement facts and marketing material prior to purchasing DSC.

23. Defendant provides retailers such as GNC with label images and marketing materials.

24. Plaintiff Wagner reasonably relied on the information provided by defendant when making the decision to purchase DSC.

25. Plaintiff would have purchased another pre-workout product, if any at all, if she was made aware of the presence of an illegal methamphetamine analog on DSC.

26. On information and belief Defendant intentionally manufactured DSC to contain a methamphetamine analog, N,x-diethylphenylethylamine ("N,x-DEPEA").

27. "The supplement is labeled as containing a dendrobiumorchid extract comprising several phenylethylamines including N,N-diethyl-phenylethylamine (N,N-DEPEA). N,N-DEPEA is a structural isomer of the methamphetamine analog N,a-diethylphenylethylamine (N,a-DEPEA)."

28.  "Pharmaceuticals and banned substances have been detected in hundreds of purportedly natural supplements. Recently, several athletes have been disqualified from competition after testing positive for the methamphetamine analog N,x-DEPEA.  Athletes have routinely claimed they unknowingly consumed the banned stimulant in workout supplements. Three samples from different lot numbers of Craze were analyze to detect the presence and concentration of N,x-DEPEA. Two labs independently identified N,x-DEPEA in the supplement using ultra high performance liquid chromatography (UHPLC) coupled to a LTQ Orbitrap XL mass spectrometer and UHPLC-quadruple-time-of-flight mass (Q-TOF) spectrometer, respectively.  The identity of N,x-DEPEA was confirmed using nuclear magnetic resonance and reference standard according to Cohen, P.A., Travis, J.C. and Venhuis, B.J. 92013), a methamphetamine analog identified in a mainstream dietary supplement . Drug Test Analysis, doi: 10.1002/dta.1578.

29.  Defendant's failed to disclose the presence of the methamphetamine analog N,x-DEPEA anywhere on the Nutritional Panel and or the Supplement Facts Panel of DSC.

30.  Defendant's  inclusion of N,x-DEPEA  in DSC is dangerous and unlawfully.

## RELIANCE AND INJURY

31.  Plaintiff incorporates the foregoing paragraphs as if fully restates them.

32.  When purchasing DSC, Plaintiff was seeking a product that has qualities described in Defendants' advertising, labeling and marketing.

33.  Plaintiff read and relied on the deceptive claims contained herein.

34.  Plaintiff believed DSC had the qualities he sought, but DSC was actually unsatisfactory to Plaintiff for the reasons described herein.

35. Plaintiff paid more for DSC and would have been unwilling to purchase DSC at all, absent the false and misleading labeling complained of herein. Plaintiff would not have purchased DSC absent these claims and advertisements.

36. For these reasons, DSC was worth less, if it all, than what Plaintiff paid for it.

37. Instead of receiving a product that fully disclosed the ingredients on its label, the DSC Plaintiff purchased did not disclose the presence a methamphetamine analog.

38. Plaintiff lost money as a result of Defendant's deceptive claims and practices in that he did not receive what he paid for when purchasing DSC.

39. Plaintiff altered his position to his detriment and suffered damages in amount equal to the amount he paid for DSC.

## CLASS ALLEGATIONS

40. Plaintiff incorporates the foregoing paragraphs as if fully restates them.

41. Plaintiff brings this action on his own behalf and as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks certification of the following Class:

> **California Class**: All Persons in the State of California who
> have spent money purchasing DSC from four years from the
> first-filed complaint in this action until the final disposition of this
> and any and all related cases.

42. The abundance of class members renders joinder of all class members individually, in one action or otherwise, impractical.

43. This action involves questions of law and fact common to Plaintiff and the class members including but not limited to the following:

(a) Whether Defendant violated the California Civil Code Section 1750 et seq.;

(b) Whether Defendant violated the California Business & Professions Code Section 17200 et seq.;

(c) Whether Defendant violated the False Advertising Law, Cal. Bus. & Prof. Code Section 17500 et seq. and;

(d) Whether Plaintiff and class members sustained damages and, if so, the (proper measure of damages, restitution, equitable or other relief and the (amount and nature of such relief.

excluded from the Class are the following: (a) any Judge and/or Magistrate presiding over this action and members of their families; (b) Defendant and any entity in which Defendant has a controlling interest and/or which has a controlling interest in Defendant and its legal representatives, assigns and/or successors of Defendant; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

44. **Numerosity**: The class is composed of thousands of persons graphically dispersed throughout the State of California and the United States, the Joinder of whom in one action is impractical. Moreover, upon information and belief, the classes are ascertainable and identifiable from Defendant's records.

45. **Commonality**: Questions of law and fact common to the class> ist as to all class members and predominate over any questions affectingly individual members of the Class. These common legal and factual issue include, but are not limited to the following:

(a) Whether Defendant violated the California Civil Code Section 1750 et seq.;

(b) Whether Defendant v violated the California Business & Professions Code Section 17200 et seq.;

(c) Whether Defendant violated the False Advertising Law, Cal. Bus. & Prof. Code

Section 17500 et seq.; and

(d) Whether Plaintiff and class members sustained damages and, if so, the proper

measure of damages, restitution, equitable or other relief and the amount and

nature of such relief.

46. **Typicality**:  Plaintiff s claims are typical of the claims of the class members, as all such claims arise out of Defendant's conduct in manufacturing, 1rketing, advertising, warranting and selling DSC, Defendant's conduct in concealing material facts  regarding  DSC,  Defendant's false,  fraudulent, fair and misleading claims and Plaintiff's and class members'  purchasing DSC.

47. **Adequate Representation**:  Plaintiff will fairly and adequately protect the interests of the class members and have no interests antagonistic to those of the Class.  Plaintiff has retained counsel experienced in the prosecution of complex class actions, including   consumer class actions involving false and misleading advertising, product liability and product design defects.

48. **Predominance and Superiority**:  This class action is appropriate for certification because questions of  law and fact common to  the  class members predominate over  questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication tic f this  controversy,  since individual  joinder of all  class members is impracticable.  Should  individual  class members be  required  to bring  separate actions, this  Court  and Courts throughout  California  would be  confronted with multiplicity of lawsuits burdening  the court system while also creating the risk of inconsistent  rulings  and contradictory  judgments.  In contrast to proceeding  on case-by-case basis, in which

inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

## CAUSES OF ACTION
### COUNT I
### Violation of California Business & Professions Code
### Section 17200 *et seq.*
### (On Behalf of Plaintiff and the Class Against Defendant)

49. Plaintiff incorporates the foregoing paragraphs as if fully restated herein

50. California Business & Professions Code §17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

51. The acts, omissions, misrepresentations, practices and non-disclosures of Defendant as alleged herein constitute "unlawful" business acts and practices in that Defendants' conduct violates the False Advertising Law and the Consumer Legal Remedies Act.

52. Defendant's conduct is further "unlawful" because it violates the Federal Food, Drug and Cosmetic Act and its implementing regulations as follows:

i. Defendant's deceptive statements violate 21 U.S.C. § 343 (a), which deems food (including nutritional supplements) misbranded when the label contains a statement that is "false or misleading in any particular";

ii. Defendant's deceptive statements violate 21 C.F.R. §101l.14 (b) (3) (i), which mandates "substances" in dietary supplements consumed must contribute and retain "nutritional value" as defined under 21 C.F.R. § 101.14 (a) (2) (3) when consumed at levels necessary to justify a claim;

iii. Defendant's omission of N,x-DEPEA in the "Supplement Facts" panel violates 21 C.F.R. §101.36 (d);

iv. Defendant's omission of N,x-DEPEA on its nutrition label violates 21 C.F.R. § 101.4;

v. Defendant's DSC is an unapproved new drug as defined pursuant to 21 U.S.C. §355(a); and

vi. Defendant 's DSC is a misbranded drug in violation of 21 U.S.C §§ 352 and 353.

53. Defendant's conduct is further "unlawful" because it violates California's Sherman Food, Drug and Cosmetic Law which incorporates provisions of the Federal Food, Drug and Cosmetic Act.

54. The acts, omissions, misrepresentations, practices and non-disclosures of Defendant as alleged herein also constitute "unfair" business act and practices pursuant to the UCL in that Defendant 's conduct is immoral, unscrupulous and offends public policy. Furthermore, the gravity of Defendant's conduct outweighs any conceivable benefit of such conduct.

55. The acts, omissions, misrepresentations, practices and non-disclosures of Defendant as alleged herein also constitute "fraudulent" business and practices under the UCL in that Defendants' claims are false, misleading and have a tendency to deceive the class and the general public.

56. In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair and/or fraudulent acts and practices and to commence a corrective advertising campaign.

57. Plaintiff further seeks an order for the disgorgement and restitution of ill-gotten monies from the sale of the Defendant's DSC, which were acquired through its tactics of unlawful, unfair and/or fraudulent competition.

COUNT II

Violation of California Legal Remedies Act Cal. Civ. Code § 1750 et seq.
(On Behalf of Plaintiff and the Class Against Defendant)

58. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

59. This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et. seq (the "CLRA").

60. Plaintiff is a consumer as defined by the CLRA.

61. Defendant is a supplier or seller as defined by the CLRA.

62. Defendant's conduct described herein involves consumer transaction as defined in CLRA.

63. Plaintiff is further given the right to bring the suit himself pursuant to Civ Code §1780 and on behalf of the class pursuant to §1781

64. Defendant has engaged in deceptive practices, unlawful methods of competition, and or unfair acts as defined by Civ. Code §1750, et seq. to the detriment of the Plaintiff, the general public and the class. Plaintiff, the general public and the class members have suffered harm as a proximate result of the wrongful conduct of Defendant as alleged herein.

65. Defendants intentionally, knowingly and unlawfully perpetrated a harm upon Plaintiff by the above-described facts.

66. Accordingly, Defendant violated the CLRA by engaging in the following practices proscribed by the California Consumer Legal Remedies Act, §1770 (a)(2)(3)(5)(7)(8) and (9) and in consumer transactions with the Plaintiff and the Class, which were intended to result in and did result in the sale of the Flushmate System to the Plaintiff and the Putative Class:

(a) The following unfair methods of competition and unfair or deceptive

acts or practices undertaken by any person in a transaction intended to result

or which results in the sale or lease of goods or services to any consumer are

unlawful:

(b) Misrepresenting the source, sponsorship, approval, or certification of goods or services.

(c) Misrepresenting the affiliation, connection, or association with, certification by another.

(d) Representing that goods or services are of a particular standard, quality, or grade, or goods are of a particular style or model, if they are of another.

(e) Disparaging the goods, services, or business of another by false or misleading representation of fact.

(f) Advertising goods or services with intent not to sell them as advertised.

67. Accordingly, Defendant violated the CLRA by engaging in the following practices proscribed by the California Consumer Legal Remedies Act, §1770 (a)(2)(3)(5)(7)(8) and (9) and in consumer transactions with the Plaintiff and the class, which were intended to result in and did result in the sale of the Flushmate System to Plaintiff and the Putative Class.

68. Defendant's policies and practices are unlawful, unethical, oppressive, fraudulent and malicious. The gravity of the harm to consumers and the general public from defendant's policies and practices far outweighs any purported utility those policies and practices have.

69. Pursuant to CLRA §1780 (a), Plaintiff seeks an order enjoining Defendant from engaging in the methods, acts and or practices alleged herein.

70. Pursuant to CLRA §1782, if defendant does not rectify its conduct within 30 days, Plaintiff intends to amend this complaint to add claims for actual damages; restitution of money to plaintiff, the class members and the general public; punitive damages, attorneys fees and costs; and; such other and further relief the court deems just, appropriate and proper.

## COUNT III
Violation of the False Advertising Law, Business and Professions Code Sections 17500 et seq.

(On Behalf of Plaintiff and the Class Against Defendant)

71. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

72. Bus. & Prof. Code § 17500, et seq. (the "FAL") provides, in pertinent parts the following:

"It is unlawful for any ... c01voration . . . with intent or indirectly to dispose of real or personal property . .. or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device,  any ·statement, concerning that real or personal property . . . or concerning any circumstance or matter of fact connected with the proposal. . .disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . or . .. to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property . .. so advertised ... as so advertised."

73. In violation of Cal. Business and Professions Code §l7500 et seq., the advertisements, labeling, policies, acts and practices described herein were designed to and did, result in the purchase and use of DSC.

74. Defendant knew and reasonably should have known that the advertising, marketing and labeling of DSC was untrue and/or misleading. But for these misrepresentations and or omissions, Plaintiff and the Class would not have purchased DSC.

75. Pursuant to Bus. & Prof. Code § 17535, Plaintiff and the Class seek to recover from Defendants restitution and disgorgement of earnings, profits, compensation and benefit obtained

as a result of the practices that are unlawful under Bus. & Prof. Code § 17500 e t se q. according to proof.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff and the class members demand judgment in their favor against the Defendant, as follows:

A.  A determination that this action proceed as a class action and Plaintiff adequately represents the Class;

B.  An Order requiring Defendant to bear the cost of class notice;

C.  A return of all amounts paid for DSC sold by the Defendant to the Plaintiff and the class members;

D.  An Order requiring Defendant to immediately cease and desist from selling DSC in violation of the law; enjoining Defendant from continuing to market, advertise, distribute and sell DSC in the unlawful manner described herein; and ordering Defendant to engage in corrective action;

E.  For all equitable remedies available pursuant to Cal. Civ. Code Section 1780;

F.  For an Order awarding attorneys' fees and costs;

G. For an order awarding punitive damages;

H. For an order awarding pre-judgment and post-judgment interest; and

I. For such other and further relief deemed just and appropriate by the court.

## **DEMAND FOR JURY TRIAL**

Plaintiff Wagner hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

KNISBACHER LAW OFFICES
THE TERRELL LAW GROUP

Dated: November 6, 2013

REGINALD TERRELL, ESQ.

ALDEN KNISBACHER
KNISBACHER LAW OFFICES
1736 Franklin Street, 10th Floor
Oakland, California 94612
Telephone: 510-460-1223
Email: Alden@knisbacherlaw.com

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone: (510) 237-9700
Facsimile: (510) 237-4616